**Hamid NASSERY; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

Nos. 02–72544, A24–602–897, A70–930–226, A70–930–227, A70–930–228, A70–930–229.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.\*\*

Decided Sept. 1, 2004.

John D. Friedman, Reseda, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Michael P. Lindemann, Douglas E. Ginsburg, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

---

\* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Service as the proper respondent. *See* Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM***

Hamid and Sima Nassery, and their three children, Zadran, Zarlacht and Ahmad Zaid Nassery, petition for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), and we deny the petition for review.

We agree with the IJ that petitioners were firmly resettled in Germany, and are thus ineligible for asylum from Afghanistan. An alien is ineligible for asylum from one country if he or she was "firmly resettled in another country prior to arriving in the United States." 8 U.S.C. § 1158(b)(2)(A)(vi); *see also Yang v. INS*. 79 F.3d 932, 939 (9th Cir.1996). "An alien is considered to be firmly resettled if, prior to arrival in the United States, he or she [lived in another country with] an offer of permanent resident status, citizenship, or some other type of permanent resettlement." 8 C.F.R. § 208.15. Petitioners were granted refugee status in Germany, and lived there for 14 years without restrictions on their residence or travel. Accordingly, substantial evidence supports the IJ's finding that petitioners had firmly resettled in Germany. *See Yang*, 79 F.3d at 935.

With respect to petitioners' claim for asylum from Germany, substantial evidence also supports the IJ's conclusion that petitioners failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003).

*** This disposition is not appropriate for publication and may not be cited to or by the

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioners contend that they may be entitled to relief under the Convention Against Torture. We lack jurisdiction to review this claim because petitioners did not exhaust it with the BIA. *See Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir. 1999).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897, 901 (9th Cir.2004), petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.